Taliaferro, J,
The plaintiff seeks to recover from the testamentary executors of the decedent, the sum of thirty-five thousand dollars, with interest at eight per cent, per annum from nineteenth of November, 1858, being, as he alleges, for money inherited by him during bis minority from the successions of bis father and his grandmother, and ^bich went into the possession and under the control of Wilhelmus Bogart, who was undertutor to plaintiff, his said grandmother, np to the time of her death, having been his tutrix. He alleges that, after he became of age, the said Bogart presented to him as his estate certain notes and commercial paper, in which he informed plaintiff his funds had been invested; that he received in error these notes, which for the most part were against insolvent parties and proved of no value to him. He seeks relief in this action from this alleged fraud practiced upon him by his former under tutor and prays judgment against his succession for the amount claimed.
The defendants filed the plea of res judicata, relying upon a judgment of the Second District Court rendered in January, 1870, homologating their final account as executors and ordering the entire estate of Wilhelmus Bogart to he distributed in accordance therewith ; they allege that the plaintiff is bound and estopped by this judgment from proceedings in this suit. They plead the prescription of one, two, three, four and five years, and that plaintiff discloses no cause of action. The exception beiDg overruled, the defendants, reserving their pleas, answered that they owe the plaintiff nothing; that the entire *652 estate of Wilhelm as Bogart has been distributed by them in conformity with the provisions of the will of said Bogart, under a judgment and decree of the proper court homologating the final account of the executors, and that there is no property in their hands belonging to the succession with which to pay its debts, if any exist against it.
There was judgment rendered in favor of the plaintiff for $26,080 26, with five per cent, interest thereon from the sixteenth of January, 1860, until paid, less certain amounts detailed in the judgment. The defendants appealed.
It appears by the evidence that Wilhelmus Bogart had under his control a large sum of money belonging to the minor, which he invested in commercial paper about the year 1860, before the commencement of the late war. At the time of the investment these securities were doubtless good, and there were reasons to suppose the investment was one advantageous to the-then minor. In 1864, after the plaintiff had attained his majority he had a settlement with Bogart and received these notes and obligations as his estate or property, and received likewise in money $1443. This was in June, 1864. He kept these papers, or such of them as he failed to collect, until the time of filing this suit in November, 1871, a period of more than seven years, and now sues tlie executors of Bogart to recover from them the sum of $35,000, with eight per cent, per annum interest from the nineteenth of November, 1858, on the ground of fraud practiced upon him by Bogart and by inducing him by misrepresentations that the notes ancl obligations were his property. He alleges in his petition that he now tenders these notes and obligations back; but of what avail to the defendants would be the tender to return the notes after the plaintiff held them until they were prescribed ? lie did collect from these assets by his own showing $11,245. If, as he asserts, they were worthless when he received them, he must have become acquainted with that fact at no great period of time afterward, and might have used more diligence in seeking redress, and when it was in his power to put the other party in the same situation he was in when he delivered the assets to the plaintiff. Bogart’s liabilities were none the less than if he had been tutor, although he was not even undertutor after the expiration of the tutorship by the decease of the plaintiff’s grandmother, and it was in the power of the plaintiff within a proper and reasonable time to have held him to these liabilities; but we conclude that by his own laches the plaintiff has foregone the right he originally had to exact from the manager of his affairs a rigid accountability. The conclusion we have reached renders it unnecessary to pass upon the defendants’ exception.
It is therefore ordered that the judgment appealed from be annulled, *653 avoided and reversed. It is further ordered .that there he judgment in favor of the defendants, the plaintiff paying costs in both courts.